[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SETALIMONY PENDENTE LITE (DOCKET ENTRY NO. 244)AND OBJECTION THERETO (DOCKET ENTRY NO. 245)
The parties have tread into the sometime minefield of appellate practice and procedure.
By Memorandum of decision dated May 23, 1997, the court CT Page 12120 (Coppeto, J.) dissolved the marriage of the parties and entered certain financial orders incident thereto. Not included within these orders was any order for alimony. In response to certain motions, the court entered a "Clarification, Articulation and Correction" dated July 28, 1997, but filed August 15, 1997. The court decreed, inter alia, that certain financial orders obligatory on the defendant should not be stayed if either party took an appeal.
The plaintiff then filed a Motion for Contempt and Motion for Order dated August 25, 1997, (docket entry nos. 240 and 241), essentially alleging that the defendant was not in compliance with these same financial orders. The disposition of these motions is recited further herein.
The defendant took an appeal from the judgment of the trial court on September 4, 1997. Later, on September 18, 1997, the defendant filed in the appellate court a motion for permission to file a late motion for review of the trial court's orders terminating the automatic stay on the same financial orders referred to previously. The defendant also filed an actual motion for review in connection therewith. The disposition of these motions is recited further herein.
On September 24, 1997, the defendant filed an objection (docket entry no. 243) to the plaintiff's motion for contempt of August 25, 1997.
The plaintiff's motion for contempt and the defendant's objection appeared on the short calendar before this court on October 9, 1997. After reviewing the pleadings and hearing the parties, the court entered an order sustaining the defendant's objection, indicating that it would not decide the plaintiff's motion for contempt or motion for order until such time as the appellate court decided the motion for review or motion to suspend the rules, filed by the defendant.
The saga continued. On October 24, 1997, the plaintiff filed a motion to set alimony pendente lite (docket entry no. 244). The defendant filed an objection (docket entry no. 245). The motion and objection were heard by this court at the short calendar on November 6, 1997. The court took the papers and reserved decision.
Thereafter, it was brought to this court's attention that the CT Page 12121 appellate court had denied the defendant's motion for permission to file a late motion for review on November 5, 1997.
Finally, on November 6, 1997, the plaintiff filed a motion for contempt (docket entry no. 246) essentially alleging that the defendant has failed to comply with the trial court's same financial orders. This latest motion has yet to appear on any short calendar, at least as of the writing hereof.
This court, for the time being, declines to decide the plaintiff's motion for alimony pendente lite and the defendant's objection. The reason for this non-decision is that the court believes that the motion and objection may be moot, given the appellate court's decision denying the defendant permission to file a late motion for review of the trial court's orders expressly lifting any automatic stay of its financial orders created by the defendant taking an appeal.
Therefore, this court believes, unless persuaded to the contrary at a hearing, that the plaintiff's motion for contempt is now properly before the court and ripe for decision. If this court is persuaded otherwise, then upon request by the plaintiff, the court will decide her motion to set alimony pendente lite and the defendant's objection.
So ordered.
KAVANEWSKY, J.